**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave.
Suite 100E
Santa Monica, CA 90404
T: 310-667-7273

**WADE KILPELA SLADE LLP**
Edwin J. Kilpela, Jr. (*pro hac vice* application forthcoming)
ek@waykayslay.com
Paige Noah (*pro hac vice* application forthcoming)
pnoah@waykayslay.com
6425 Living Pl. Suite 200
Pittsburgh, PA 15206

*Attorneys for Plaintiff Jane Doe*

**WADE KILPELA SLADE LLP**
David Slade (*pro hac vice* application forthcoming)
slade@waykayslay.com
Brandon Haubert (*pro hac vice* application forthcoming)
brandon@waykayslay.com
Lucy Holifield (*pro hac vice* application forthcoming)
lholifield@waykayslay.com
1 Riverfront Place
Suite 745
North Little Rock, AR 72114

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC. <br><br> Defendant. | Case No. 3:26-cv-03914 <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM AS TO JANE DOE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") hereby moves this Court for an order permitting her to proceed under a pseudonym in this action.

This Motion will be heard before the Honorable Judge to whom this action is assigned, at a date and time to be set by the Court, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Ms. Doe, all pleadings and papers on file in this action, and such other matters as may be presented to the Court.

**STATEMENT OF RELIEF SOUGHT**

Plaintiff seeks an order allowing Ms. Doe to proceed under a pseudonym in this matter.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff is entitled, under the applicable standard set forth in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), to an order allowing Ms. Doe to proceed under a pseudonym in this matter.

PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The case law is clear litigants should not have their personal safety compromised as a result of court proceedings. Courts frequently allow parties to litigate anonymously when proceeding otherwise would publicly link them to highly personal and sensitive information, and place them at risk for harm. Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") is no exception. Ms. Doe is the victim of surreptitious stalking by her ex-husband, who used Defendant's AirTag device to track her movements, which not only damaged her sense of personal autonomy and caused severe emotional distress, but exposed her to the risk of future harm, which is particularly acute given he has stated on multiple occasions that he planned to murder her and her current husband. As described herein, Ms. Doe has taken steps to conceal her location in an attempt to ensure her ex-husband cannot find her again. Despite these measures, Ms. Doe remains, understandably, afraid her ex-husband could find her and torment her anew and potentially subject her to violence. Due to her reasonable and persistent fear of reprisal from her ex-husband, Plaintiff initiated this lawsuit under a pseudonym to ensure that her identity was not public and, therefore, her ex-husband would not be made aware that his actions were part of the allegations in this lawsuit.

While the normal rules of civil procedure require a plaintiff to identify herself when filing a complaint, Ninth Circuit authority provides a party may preserve his or her anonymity when the need to do so outweighs prejudice to the opposing party and the public interest in disclosure of information. As argued more completely below, compelling Plaintiff to disclose her identity on the public docket serves no purpose other than to expose Plaintiff to potential harassment or, worse, violence, when there is no countervailing interest in disclosure. Notably, this action was severed from a multi-plaintiff, putative class action, *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (J. Chhabria), where Defendant was aware of Ms. Doe's identity and did not oppose her proceeding under a pseudonym. Lastly, because Ms. Doe's identity is not central to the issues raised in this case, the public interest will not be harmed by permitting her to proceed pseudonymously.

PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM

Accordingly, for the reasons articulated below, Ms. Doe respectfully requests that this Court permit Ms. Doe to continue to proceed pseudonymously until such a time as Defendant can articulate a compelling need to proceed otherwise.

## II.       FACTUAL BACKGROUND

This case arises from the design, marketing, manufacturing, and sale by Defendant of a small, physical device known as an AirTag, which is small enough to be easily and covertly planted almost anywhere, including, for example, within the frame of a vehicle or the lining of a purse or suitcase. *See generally* Complaint (filed concurrently herewith). These devices were creating well deserved concern in the media before and amid the launch of the product in 2021, due to their suitability for use by stalkers to find their victims. *Id.* In 2021, Apple knew that adequate safeguards had not yet been implemented, but nevertheless released the AirTag to the public. *Id.* Since that time, Apple has played—and continues to play—catch up, quietly introducing new features that attempt to curtail the dangers of a product that is now five years old. *Id.* However, these features remain inadequate. *Id.* Apple's negligent design of the AirTag and its sale of an unreasonably dangerous product with inadequate safeguards have led to the foreseeable stalking of countless victims, including Ms. Doe. *Id.*

Beginning in or about January 2022, Plaintiff's ex-husband—whom she divorced in 2014–2015—began making repeated threats of physical violence, including statements that he intended to murder Plaintiff and her current husband. Doe Decl. ¶ 2. That same month, Plaintiff obtained an emergency custody order for her children due to her ex-husband's excessive drinking and abusive conduct. *Id.* ¶ 2. On or about January 21, 2023, Plaintiff's husband received an iPhone notification indicating that an AirTag was traveling nearby, prompting the family to search their home and vehicles for a tracking device. *Id.* ¶ 3. They ultimately discovered a concealed AirTag hidden inside a black magnetic box affixed beneath Plaintiff's vehicle, which was linked to Plaintiff's ex-husband based on identifying information displayed on the device. *Id.*

Plaintiff promptly reported the incident to law enforcement and surrendered the AirTag, after which authorities sought information from Apple to obtain a warrant; however, as of April 8, 2026, Apple had not fully complied, and Plaintiff's ex-husband remains at large. Doe Decl. ¶ 4. As

3

a result of the stalking and threats, Plaintiff lives in constant fear for her safety and that of her family, and is terrified to leave her home or engage in ordinary activities. *Id.* ¶¶ 5–6. She has adopted extreme precautionary measures, including refusing items from her ex-husband, closely inspecting her children's belongings after visits, and altering her transportation habits due to fear of being tracked. *Id.* ¶¶ 6, 9. The stalking has also inflicted substantial emotional harm on Plaintiff's children, including trauma requiring therapy and a marked decline in their academic performance. *Id.* ¶ 7.

The experience has profoundly altered Plaintiff's life, causing her to withdraw from social, recreational, and professional activities she once regularly enjoyed, and forcing her family to take extraordinary steps such as traveling under assumed names. Doe Decl. ¶ 8. Plaintiff remains deeply anxious, despondent, and fearful that she and her family will never be free from her ex-husband's threats and surveillance. *Id.* ¶ 10. In addition to emotional harm, Plaintiff has incurred significant financial costs, including expenses for security systems, replacing her vehicle, rideshare transportation, and ongoing therapy. *Id.* ¶ 11. Plaintiff seeks to proceed under a pseudonym because public disclosure of her identity would expose her to a serious and immediate risk of further harassment and physical harm, particularly given her ex-husband's demonstrated ability to track her and his continued freedom. *Id.* ¶ 12. She has agreed to disclose her identity to Defendants subject to a protective order to avoid prejudicing their ability to defend the case. *Id.* ¶ 13.

## III.   ARGUMENT

The case law is clear "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In particular, courts allow parties to use pseudonyms where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing

4

party, and (5) the public interest." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal quotation marks and citation omitted). Although Defendant has not objected to Plaintiff's requested relief, these factors nevertheless weigh in favor of Ms. Doe's anonymity.

> **A.    The Severity of the Threatened Harm and the Reasonableness of Ms. Doe's Fears Weigh in Favor of Anonymity.**

The first two factors under the balancing test, i.e. the severity of the threatened harm and the reasonableness of the anonymous party's fears, are "intricately related and should be addressed together." *Kamehameha Sch.*, 596 F.3d at 1043. To establish the reasonableness of the anonymous party's fears "'plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is [whether] plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out.'" *Kamehameha Sch.*, 596 F.3d at 1044 (*quoting Advanced Textile*, 214 F.3d at 1071). In *United States v. Doe*, 655 F.2d 920 (9th Cir. 1980), the Ninth Circuit held the use of a pseudonyms for a prison inmate was appropriate because he "faced a serious risk of bodily harm" if his role as a government witness were disclosed. *Id.* at 922 n.1. In *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998), the court observed plaintiff was allowed to proceed under a pseudonym "because she feared retaliation from the community." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 U.S. Dist. LEXIS 198724, at *3 (E.D. Cal. Nov. 15, 2019).  The Ninth Circuit has confirmed the use of a pseudonym may be appropriate "when identification creates a risk of retaliatory physical *or mental harm* . . . ." *Advanced Textile Corp.*, 214 F.3d at 1068 (emphasis added). Thus, that some of the threatened harm feared by Ms. Doe is mental (e.g., pervasive anxiety and crippling emotional distress) in no way diminishes her request for anonymity.

The first two elements of the balancing test certainly weigh in Ms. Doe's favor. Ms. Doe was harassed and stalked by her ex-husband, who used the AirTag to keep tabs on her every movement. Doe Decl. ¶¶ 2-3. Ms. Doe's fears were compounded given her ex-husband's history of extreme threats of violence, excessive drinking, and abusive behavior. *Id.* ¶ 2. Ms. Doe was even granted an emergency order of custody of my children due to this behavior. *Id.* Ms. Doe's nightmare persists as she lives in constant fear for her safety and that of her family, is terrified to leave her

home, and has adopted extreme precautionary measures, including refusing items from her ex-husband, closely inspecting her children's belongings, and altering her transportation habits due to fear of being tracked. *Id.* ¶¶ 5–6, 9.) The stalking has also inflicted substantial emotional harm on Plaintiff's children, including trauma requiring therapy and a marked decline in their academic performance. *Id*. ¶ 7. The experience has profoundly altered Plaintiff's life, causing her to withdraw from social and recreational activities, remain deeply anxious and despondent, and incur significant out-of-pocket expenses for security measures, a replacement vehicle, rideshare transportation, and ongoing therapy. *Id*. ¶¶ 8, 10–11.

There can be no doubt Plaintiff legitimately and rightfully fears her ex-husband's knowledge of her whereabouts. This fear is both severe and reasonable, given what her ex-husband did in the past, using a tracking device to harass and stalk her.

**B.      Ms. Doe is Vulnerable to Retaliation**.

Ms. Doe certainly would be vulnerable to harm should her identity be revealed. Plaintiff fears her identity being made public because she has a severe and reasonable fear of her ex-husband knowing when she will be in court. Doe Decl. ¶ 12. Courts recognize stalking victims' fears and the profound impact on both their sense of personal safety and ability to go about their daily lives should their stalkers become aware of their home address and involvement in a legal proceeding. Applying the Ninth Circuit's balancing test and permitting a stalking victim to proceed anonymously even though the victim's home address was known to her stalker, the court in *Providence Health* reasoned as follows:

> Even accepting as true that the individual knows Jane Roe's home address and some of the places she frequents, she will still face a greater risk of harm if the individual knows of her involvement in this court proceeding. If the individual gains knowledge of Jane Roe's involvement in this case, he will have access to substantial personal information, and the dates and times of her court proceedings. Jane Roe will be less able to protect herself outside of her home. Her daily strategic advantages will be curtailed; she cannot modify her daily routine and traveling routes if the individual knows the date, time, and location of her court proceedings.

*Providence Health,* No. 06-1680-HU, 2007 U.S. Dist. LEXIS 50656, at *7 (D. Or. June 26, 2007). Like the plaintiff in *Providence Health*, Ms. Doe should not have to fear for her personal safety when traveling to the courthouse to litigate her claims against Defendant.

**PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM**

**C.    There is no Prejudice to Defendants**.

Defendant will not be prejudiced if Ms. Doe were permitted to proceed pseudonymously because Plaintiff has agreed to disclose her identity to Defendant for the purpose of the litigation. Doe Decl. ¶ 13; *see Doe v. Github, Inc*., 672 F. Supp. 3d 837, 853-54 (N.D. Cal. 2023) (concluding defendants would not be prejudiced because "Plaintiffs have disclosed their true names to Defendants subject to a protective order, so pseudonymity should not impede Defendants' ability to develop their case."). Additionally, Defendant was made aware of Ms. Doe's identity and did not oppose her proceeding under a pseudonym in Plaintiff's earlier-filed action: *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (J. Chhabria). Thus, Defendant is unlikely to demonstrate any prejudice associated with Ms. Doe proceeding pseudonymously at this stage of the litigation. *See Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 U.S. Dist. LEXIS 169883, at *12 (E.D. Cal. Dec. 2, 2013) (explaining that, "at the prediscovery stage . . . the court need not yet consider the prejudice defendant will suffer during discovery," as "the relevant prejudice is that which defendant presently suffers as a result of plaintiff's anonymity").

**D.    The Public Will Not Be Harmed by Permitting Ms. Doe to Proceed Anonymously.**

Finally, the public interest factor does not weigh against permitting Ms. Doe to proceed pseudonymously. "The normal presumption in litigation . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1042. Where the plaintiff's identity not central to the issues raised by a case, however, the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously. *See Advanced Textile*, 214 F.3d at 1072 (reversing denial of anonymity where "[t]he district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in th[e] case"); *Kamehameha*, 596 F.3d at 1043 (noting, where plaintiffs brought "claims of widespread discrimination," "it [wa]s difficult to see 'how disguising plaintiffs' identities w[ould] obstruct public scrutiny of the important issues in th[e] case'") (*quoting Advanced Textile*, 214 F.3d at 1072). Withholding Ms. Doe's identity will not obstruct public scrutiny of the issues raised. Ms. Doe's name and identity

7

has no bearing on the central issues of this case, including whether Defendant breached its duty of care in their design, marketing, and introduction into the market of the AirTag and whether Defendant is liable to Plaintiff due to design defects of the AirTag. In sum, the public interest factor does not weigh against anonymity at this stage of the litigation. *See El Dorado*, 2013 U.S. Dist. LEXIS 169883, at *14 (finding public interest factor weighed in favor of anonymity where the "[p]laintiff's identity appears to have no bearing on the resolution of the issues, and a pseudonym will not impede public access to the substance of the proceedings").

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully request that the Court grant her motion to allow Ms. Doe to proceed under a pseudonym.

Dated:  May 1, 2026

                                                     */s/ Gillian L. Wade*
                                                     Gillian L. Wade, State Bar No. 229124
                                                     gwade@waykayslay.com
                                                     Sara D. Avila, State Bar No. 263213
                                                     sara@waykayslay.com
                                                     Collins Kilgore, State Bar No. 295084
                                                     ckilgore@waykayslay.com
                                                     Marc A. Castaneda, State Bar No. 299001
                                                     marc@waykayslay.com
                                                     WADE KILPELA SLADE LLP
                                                     2450 Colorado Ave.
                                                     Suite 100E
                                                     Santa Monica, CA 90404
                                                     T: 310-667-7273

                                                     Edwin J. Kilpela, Jr. (*pro hac vice* application forthcoming)
                                                     ek@waykayslay.com
                                                     WADE KILPELA SLADE LLP
                                                     6425 Living Pl. Suite 200
                                                     Pittsburgh, PA 15206

                                                     David Slade (*pro hac vice* application forthcoming)
                                                     slade@waykayslay.com
                                                     WADE KILPELA SLADE LLP
                                                     1 Riverfront Place
                                                     Suite 745
                                                     North Little Rock, AR 72114

                                                     *Attorneys for Plaintiff Jane Doe*

8